# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JIMMY LYNN ALSMAN,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 3:19-cv-00772 |
| | ) Judge Trauger |
| **MURRAY BLACKWELDER, et al.,** | ) |
| **Defendants.** | ) |

## ORDER

Jimmy Lynn Alsman, an inmate at the Lincoln County Jail in Fayetteville, Tennessee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed in this court without prepaying fees and costs (Doc. No. 2). The plaintiff's application to proceed *in forma pauperis* will be granted and this action will be transferred to the Eastern District of Tennessee.

**I.    Application to Proceed as a Pauper**

The court may authorize a prisoner to bring a civil action without prepaying the filing fee. 28 U.S.C. § 1915(a). It appears from the plaintiff's *in forma pauperis* application that he lacks sufficient financial resources to pay the full filing fee in advance. His application (Doc. No. 2) is therefore **GRANTED**, and he is **ASSESSED** the $350.00 filing fee, as follows:

The custodian of the plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to the [plaintiff's] account; or (B) the average monthly balance in the [plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from the plaintiff's

account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. *Id.* § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this order to the Lincoln County Jail in Fayetteville, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order. All payments made in compliance with this order must clearly identify the plaintiff's name and the case number as shown on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. Transfer to the Eastern District of Tennessee

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

Here, the proper venue for this action is the Eastern District of Tennessee. All four defendants reside in Lincoln County, and the alleged events that form the basis of this action occurred at the Lincoln County Jail. Lincoln County is in the Winchester Division of the Eastern District of Tennessee. 28 U.S.C. § 123(a)(4).

Accordingly, the Clerk is directed to **TRANSFER** this action to the United States District Court of the Eastern District of Tennessee, Winchester Division at Winchester, Tennessee. 28 U.S.C. § 1406(a).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge